## UNITED STATES *v.* SAVAGE.

Action at Law.

*Rufus Mallory,* for the United States.

*W. H. Effinger,* for defendant.

DEADY, D. J.   In this case the motion for a new trial is based upon the further ground that when the order was made, in pursuance of the stipulation of the parties, including this case within the verdict in the *U. S.* v. *Humason,* there was no answer to the complaint

on file, and therefore there ought not to have been a verdict for the defendant. But it is admitted that there was a verbal stipulation between the counsel for the plaintiff and defendant to the effect that this case should abide the result of the case against Humason; and this stipulation was admitted by the district attorney in open court when the order was made, although he protested that he ought not to be bound by it, as it would not have been made if he had thought the *Humason Case* would have gone off on a technical failure of proof of the execution of the bonds, as it did.

But the court ruled that if the stipulation was admitted, the case must follow the disposition of the Humason one, and thereupon the order was made without other or further objection; but it then appearing that the defendant had failed to answer, and it being suggested by the court that the record would show error in the proceeding if there was a verdict for the defendant without an answer controverting the material allegations of the complaint, an order was made, without objection, giving the defendant leave to file such an answer, as of some day between the filing of the complaint and the trial, which he did, or attempted to do, as of February 16th.

Objection is taken to this proceeding as being irregular, but in what the irregularity consists is not apparent. The foundation of it was the stipulation of the parties, and when that was admitted and its binding effect considered, what followed was a mere matter of form, and even had the consent of the parties at the time.

It might have been as well to have waited until final judgment had been given in the *Humason Case*, and if that was in favor of the defendant, then to have moved to dismiss this one. But, in some form, the defendant was entitled under that stipulation to have his case share the fate of the one against Humason.

But admitting the regularity of the proceedings thus far, counsel for the plaintiff insists that the verdict ought to be set aside in this case because the answer of the defendant does not controvert or deny the execution of the bonds, but in effect admits it.

The answer of Savage contains a denial of the execution of the bonds "except as hereinafter stated," and then "admits that at the dates mentioned he did, along with his co-obligors mentioned, make a bond to the plaintiff," but does not "remember" the penalty or condition thereof.

It may be admitted that this is not a good denial of the execution or condition of the bond, but it is a question whether it is not sufficient to prevent judgment for want of an answer. If the plaintiff

considered the answer not such an one, in this or other respects, as the defendant was entitled to file under the order of the court, he should have moved to strike it out.

Besides, the object of making the order allowing the defendant to file an answer *nunc pro tunc* was not so much, if at all, to compel him to make a defence to the action, as to give him the privilege of so doing, so as to secure to himself beyond a peradventure the benefit of his stipulation that his case should abide the event of the other one.

The stipulation was made without an answer being filed, and virtually suspended proceedings in the case; and if the defendant had seen proper he might have waited until there was a final judgment in the case against Humason, and if such judgment was for the defendant then moved on his stipulation to dismiss the action against him without answering the complaint at all.

But apart from the attempted denial of the execution of the bonds, the answer is a sufficient defence to the action, as it contains an allegation to the effect that Logan faithfully kept the condition of his bonds. That is sufficient to support the verdict and prevent the record from being erroneous on its face, and that was the only object in allowing an answer to be filed at all.

These are all the special grounds on which a new trial is asked in this case, and they are not sufficient.

For this and the reasons given in *U. S.* v. *Humason,* the motion is denied.